IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, *et al.*,

*Plaintiffs*,

v.

THE HONORABLE KATHY HOCHUL, in her official capacity as Governor of the State of New York, *et al.*,

*Defendants*.

Case No. _____________

**DECLARATION OF JOSEPH G. RAPPAPORT, EXECUTIVE DIRECTOR OF BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

JOSEPH G. RAPPAPORT, pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1. I am over 18 years of age and am otherwise competent to make this Declaration. I am submitting this Declaration in Support of Plaintiffs' Motion for Temporary Restraining Order in the above-captioned litigation. The evidence set out in the following Declaration is based on my own personal knowledge.

2. I am the Executive Director of Brooklyn Center for Independence of the Disabled, a Plaintiff in the above-captioned matter.

3. The Brooklyn Center for Independence of the Disabled ("BCID") is a cross-disability, grassroots organization run by and for people with disabilities. BCID works to advance independent living and the rights of people with disabilities. BCID is a member organization of the National Council on Independent Living, which is also a Plaintiff in this case. BCID serves all age groups and currently has approximately 1,300 active participants whom we advise, work with or who are active in our advocacy.

4. BCID began in 1956 to serve persons with disabilities in Brooklyn, New York.

5. BCID's core business activities include advocacy, peer counseling and mentoring, independent living skills training, transitional support, housing support services, and a wide variety of other assistance and guidance for individuals with disabilities. The goal of all our work is to help disabled people in Brooklyn and beyond live independently in the community, while keeping them free and out of institutional settings.

6. The Medical Aid in Dying Act (the "Act") will harm BCID's ability to engage in its core business activities. The Act impedes BCID's core business activities of ensuring the independence of its participants and disabled people in Brooklyn and beyond, which include: (i) protecting persons with disabilities from the involuntary withholding of life-sustaining medical treatment and medical rationing; (ii) ensuring that persons with disabilities receive equal protection of the law in cases of homicides of persons with disabilities; (iii) protecting persons with disabilities from the expansion of assisted suicide schemes; and (iv) preventing the removal of the few safeguards remaining in existing schemes. BCID will need to devote considerable resources to help its members counter the systematic pressure to "take the easy route."

7. BCID's harm to its core business activities is not a mere diversion of resources; it is an existential threat to BCID's participants.

8. As a result of being perceived and labeled as terminally ill by their medical care providers, some of BCID's members will qualify for assisted suicide under the Act and are particularly vulnerable to being steered towards assisted suicide in a state of despair or depression. Upon information and belief, BCID participants in New York have discussed and considered accessing lethal medications and/or committing suicide by means of the Act. The Act places BCID's members at risk of dying by offering the option of assisted suicide during a period of

treatable depression and difficulty. BCID brings this action on behalf of its participants because the interests at stake are germane to BCID's purpose of empowering and advocating for persons with disabilities to obtain greater independence and a higher quality of life.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 6/5/2026

DocuSigned by:
Joseph G. Rappaport
10A00677FCCD41A...

Joseph G. Rappaport
Executive Director,
Brooklyn Center for Independence of the Disabled