IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, *et al.*,

*Plaintiffs*,

v.

THE HONORABLE KATHY HOCHUL, in her official capacity as Governor of the State of New York, *et al.*,

*Defendants*.

Case No. _____________

**DECLARATION OF PLAINTIFF ANITA CAMERON IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

ANITA CAMERON, pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1. I am over 18 years of age and am otherwise competent to make this Declaration. I am submitting this Declaration in Support of Plaintiffs' Motion for Temporary Restraining Order in the above-captioned litigation. The evidence set out in the following Declaration is based on my own personal knowledge.

2. I am a citizen and resident of the State of New York. I have been diagnosed with degenerative multiple sclerosis, degenerative congenital cerebellar ataxia, spinal stenosis, type-2 diabetes, high blood pressure, high cholesterol, lung masses, autism, depression, dysthymia, and seasonal affective disorder.

3. I am married, and I have two cats. In my spare time, I serve as a disability advocate, write, and am in the process of documenting the history of black people in the disability rights movement.

4. I have deep concerns regarding the impact of New York's Medical Aid in Dying Act (the "Act"). As a person with a life-threatening disability, under the Act, I would be labeled as having a "terminal illness." The option to seek assisted suicide would be made immediately available to me. This is discrimination. This law treats me as a second-class citizen simply because I have a disability.

5. As a black woman with disabilities, I have experienced significant medical discrimination previously and have suffered from some of the worst medical treatment possible. In the past, I have been denied medical treatment because people do not believe that I am in pain. One medical provider actually implied that I was not in pain but that I was simply seeking prescription medication for recreational use.

6. In 2019, doctors found tumors on my lungs. They did not tell me about this, but instead simply wrote it into my medical file. Two years later, after getting an MRI, the doctor treating me told me that there was good news in that the tumors had not gotten any bigger. I questioned, "What tumors?" This was first time that I was told that I had tumors. I could not believe that this information had not shared with me. For whatever reason, the doctor determined that I did not need to know about this.

7. These experiences have left me extremely distrusting of medical providers; however, given my life-threatening disabilities, I do need their help.

8. I have depression and have considered suicide in the past. As my condition worsens, I worry that I will be forced into a nursing home and coerced into physician-assisted suicide. Medical discrimination is the norm for a black woman. I hope that the Act will not come into effect. It will make it far too easy for a medical provider to determine that my conditions are "terminal." The doctors have been wrong about my conditions in the past, and I fear I will be

denied care by my insurance or steered into physician-assisted suicide because it is cheaper or more efficient for me to simply not receive adequate care.

9. The Act devalues people like me. I have led a full life despite my disabilities. The Act tells people like me that they should qualify for suicide help, not suicide prevention. This discrimination disgusts me.

10. I want the Court to block the Act from going into effect.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 6/2/2026

Signed by:
[signature]
4D9298BAC80941C...
Anita Cameron