IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, *et al*.,

*Plaintiffs*,

v.

THE HONORABLE KATHY HOCHUL, in her official capacity as Governor of the State of New York, *et al*.,

*Defendants*.

Case No. _____________

**DECLARATION OF DENISE A. FIGUEROA, EXECUTIVE DIRECTOR OF INDEPENDENT LIVING CENTER OF HUDSON VALLEY, IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

DENISE A. FIGUEROA, pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1. I am over 18 years of age and am otherwise competent to make this Declaration. I am submitting this Declaration in Support of Plaintiffs' Motion for Temporary Restraining Order in the above-captioned litigation. The evidence set out in the following Declaration is based on my own personal knowledge.

2. I am the Executive Director of Independent Living Center of Hudson Valley, a Plaintiff in the above-captioned matter.

3. Independent Living Center of Hudson Valley ("ILCHV") is a cross-disability, grassroots organization run by and for people with disabilities. ILCHV works to advance independent living and the rights of people with disabilities. ILCHV is a member organization of the National Council for Independent Living, which is also a Plaintiff in this case. ILCHV serves all age groups and currently has around 1,000 active clients in the State of New York.

4. ILCHV began in 1987 to serve New York's Hudson Valley.

5. ILCHV's core business activities include information and referral services, peer counseling services, independent living services, transitional support, individual advocacy, technology-related assistance for individuals with disabilities, and other services to support persons with disabilities. Central to our mission is giving people with disabilities the ability to live free in the community, instead of being institutionalized in a nursing home or other facility.

6. The Medical Aid in Dying Act (the "Act") will harm ILCHV's ability to engage in its core business activities and to fulfill its mission because, among other things, people must be alive to live in the community. When scarce community resources that enable people with disabilities to live in the community are increasingly more difficult to access, as they are now, people with disabilities suffer, become despondent and more amenable to the "choice" of assisted suicide. The Act also impedes ILCHV's core business activities of: (i) protecting persons with disabilities from the involuntary withholding of life-sustaining medical treatment and medical rationing; (ii) ensuring that persons with disabilities receive equal protection of the law in cases of homicides of persons with disabilities; (iii) protecting persons with disabilities from the expansion of assisted suicide schemes; and (iv) ensuring the few safeguards provided in existing schemes remain in place. Because of the Act, ILCHV will need to spend additional time guiding consumers through the Act rather than providing its core business activities.

7. ILCHV's harm to its core business activities is not a mere diversion of resources; it is an existential threat to ILCHV and its members.

8. As a result of being perceived and labeled as terminally ill by their medical care providers, some of ILCHV's members will automatically qualify for assisted suicide under the Act and are particularly vulnerable to being steered towards assisted suicide simply as a result of being in a state of despair or depression. The Act places ILCHV's members at risk of dying by offering

the option of assisted suicide during a period of treatable depression and difficulty. We have a close relationship with our members. Based on this, we have serious concerns that certain ILCHV members will be steered towards suicide help (and not towards suicide prevention) based on their disability once the Act comes into effect. ILCHV brings this action on behalf of its members because the interests at stake are germane to ILCHV's purpose of empowering and advocating for persons with disabilities to obtain greater independence and a higher quality of life.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2, 2026.

Denise A. Figueroa
Executive Director,
Independent Living Center of Hudson Valley