IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, *et al.*,

*Plaintiffs*,

v.

THE HONORABLE KATHY HOCHUL, in her official capacity as Governor of the State of New York, *et al.*,

*Defendants*.

Case No. ____________

**DECLARATION OF JESSICA PODESVA, J.D., DIRECTOR OF ADVOCACY AND PUBLIC POLICY OF PLAINTIFF NATIONAL COUNCIL ON INDEPENDENT LIVING, IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

JESSICA PODESVA, J.D., pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1. I am over 18 years of age and am otherwise competent to make this Declaration. I am submitting this Declaration in Support of Plaintiffs' Motion for Temporary Restraining Order in the above-captioned litigation. The evidence set out in the following Declaration is based on my own personal knowledge.

2. I am the Director of Advocacy and Public Policy of the National Council on Independent Living, a Plaintiff in the above-captioned matter.

3. The National Council on Independent Living ("NCIL") is the longest-running national, cross-disability, grassroots organization run by and for people with disabilities. NCIL works to advance independent living and the rights of people with disabilities. NCIL's membership comprises centers for independent living ("CILs"), state independent living councils ("SILCs"), people with disabilities, and other disability rights organizations.

4. There are 58 CIL and SCIL locations in the State of New York. Included among the 58 are co-Plaintiffs, Brooklyn Center for Independence of the Disabled, Inc., Independent Living Center of the Hudson Valley, Inc., Regional Center for Independent Living, and Self-Initiated Living Options, Inc..

5. NCIL was one of the key organizations that participated in the political and legislative process to pass the 1990 Americans with Disabilities Act, as well as working to pass the Fair Housing Act Amendments of 1988, and amendments to the Individuals with Disabilities Education Act.

6. NCIL is not only an advocacy organization, but an organization led and staffed by people with disabilities. NCIL has an interest in protecting the rights of disabled people to equal access offered to the general public. NCIL's core business activities include providing support to a network of CILs and SILCs across the United States. SILCs monitor implementation of state plan and systems advocacy. CILs are community-based, cross-disability, non-profit organizations that are designed and operated by people with disabilities. CILs are unique in that they operate according to a strict philosophy of consumer control, wherein people with all types of disabilities directly govern and staff the organization.

7. CILs provide direct services and systems advocacy to ensure that the rights of people with disabilities are protected. Even with the passage of the Americans with Disabilities Act, people with disabilities often find that advocacy and support from the disability community and the disability rights movement are essential elements in the enforcement of the civil rights law. People with disabilities are not problems to be solved—they are individuals who seek only the same human dignity and civil rights afforded to everyone else.

8. Defendants' promotion of physician-assisted suicide through the Medical Aid in Dying Act (the "Act") poses a serious threat both to the mission of NCIL and to the well-being of the individuals and communities that NCIL serves. The Act has labeled persons with life-threatening disabilities as terminal and has made physician-assisted suicide readily available to anyone who is terminal. The label of terminal—which squarely implicates persons with life-threatening disabilities—is highly suspect. Persons with life-threatening disabilities often lead long and fulfilling lives, so long as they receive proper care.

9. The passage of the Act is already harming NCIL's ability to engage in its core business activities because it must instead address and counteract concerns about assisted suicide in New York, as well as advocate for members and constituents who are placed at imminent risk of harm by the passage of the Act and/or at risk of being steered toward utilizing assisted suicide once it goes into effect. NCIL has already had to expend resources on education and outreach campaigns targeted at addressing assisted suicide in other states. Instead of being able to devote Healthcare Subcommittee resources to promote independence, respect consumer choice, and improve the quality of care by empowering people with disabilities to have greater control over their lives, NCIL must instead counteract laws like the Act.

10. The harm from the Act is not simply that resources will be diverted. To the contrary, the Act poses a serious, if not existential, threat to NCIL and the community that it serves.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 9, 2026.

Jessica Podesva /s/
Jessica Podesva, J.D.
Director of Advocacy and Public Policy,
National Council on Independent Living