**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, JOSÉ HERNANDEZ, ANITA CAMERON, SELF-INITIATED LIVING OPTIONS, INC., INDEPENDENT LIVING CENTER OF HUDSON VALLEY, REGIONAL CENTER FOR INDEPENDENT LIVING, UNITED SPINAL ASSOCIATION, NOT DEAD YET, NATIONAL COUNCIL ON INDEPENDENT LIVING, and INSTITUTE FOR PATIENTS' RIGHTS, <br><br> Plaintiffs, <br><br> v. <br><br> THE HONORABLE KATHY HOCHUL, in her official capacity as Governor of the State of New York, NEW YORK STATE DEPARTMENT OF HEALTH, THE HONORABLE JAMES V. MCDONALD, M.D. in his official capacity as Commissioner of the New York State Department of Health, NEW YORK STATE BOARD FOR MEDICINE, THE HONORABLE AMIT M. SHELAT, D.O. in his official capacity as Chair of the New York State Board for Medicine, NEW YORK STATE OFFICE OF MENTAL HEALTH, THE HONORABLE ANN MARIE T. SULLIVAN, M.D. in her official capacity as Commissioner of the New York State Office of Mental Health, <br><br> Defendants. | Case No. 1:26-cv-03492-OEM-JAM |

**MOTION TO INTERVENE AS DEFENDANTS OF**
**JEREMY BOAL, IRIS DUDMAN, STACEY GIBSON, ANNE GURNETT BANDER,**
**NANCY MURPHY, AND BENNY POLLAK**

Pursuant to Federal Rule of Civil Procedure 24, Dr. Jeremy Boal, Iris Dudman, Stacey Gibson, Dr. Anne Gurnett Bander, Nancy Murphy, and Benny Pollak (collectively, "Proposed Intervenors"), by and through their undersigned counsel, respectfully move to intervene as defendants in the above-captioned action.

As set forth in the memorandum of law and supporting declarations being filed contemporaneously with this Motion, Proposed Intervenors are entitled to intervene as of right under Rule 24(a) because they (1) timely filed their motion to intervene; (2) have significant, protectable interests in this matter, (3) which stand to be impaired or affected by the resolution of this case; and (4) may not be adequately represented by the existing parties.  For the same reasons and because Proposed Intervenors' claims or defenses share common questions of law and fact with the main action, permissive intervention under Rule 24(b) should be allowed.

Proposed Intervenors also respectfully request that (1) the Court allow them to file their opposition to Plaintiffs' motion for a preliminary injunction, which is also being filed contemporaneously with this Motion, in satisfaction of Rule 24(c), and that (2) Proposed Intervenors be granted leave to respond to the Complaint by the same deadline as the named Defendants or three business days after intervention is granted, whichever is later.

Counsel for Proposed Intervenors will be present at the June 25, 2026 preliminary injunction hearing and, if the Court permits, will be prepared to address this Motion and Proposed Intervenors' Proposed Opposition to Plaintiffs' Motion for a Preliminary Injunction.  Proposed Intervenors respectfully request that the Court hear any opposition to Proposed Intervenors' Motion to Intervene at the June 25 hearing, or enter an expedited deadline for any written opposition to the Motion at that hearing, so that the Court may rule on Proposed Intervenors'

2

Motion to Intervene in time to consider Proposed Intervenors' opposition to Plaintiffs' motion for preliminary injunction in deciding Plaintiffs' motion, if intervention is granted.

Dated:  June 22, 2026

Respectfully submitted,

/s/ Ryan Chabot
WILMER CUTLER PICKERING
  HALE AND DORR LLP
Ryan Chabot
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 295-6513
ryan.chabot@wilmerhale.com

COMPASSION LEGAL
THE END-OF-LIFE JUSTICE CENTER AT
  COMPASSION & CHOICES
Veronica Darling, Esq. (She/Her/They)*
Jessica Pezley, Esq. (She/Her)*
8156 S. Wadsworth Blvd. E162
Littleton, CO 80128
(800) 247-7421
vdarling@compassionandchoices.org
jpezley@compassionandchoices.org

*Pro hac vice forthcoming

*Attorneys for Jeremy Boal, Iris Dudman, Stacey Gibson, Anne Gurnett Bander, Nancy Murphy, and Benny Pollak*

3