**Office of the New York State Attorney General**

**Letitia James**
**Attorney General**

July 6, 2026

**By ECF**
Honorable Orelia E. Merchant
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11215

**Re:** ***Brooklyn Center for Independence of the Disabled, et al. v. Hochul, et al.***
**Civil Action No. 26-cv-3492 (OEM) (JAM)**
**Defendants' Request for Pre-Motion Conference on Motion to Dismiss**

Dear Judge Merchant:

The New York State Office of the Attorney General represents Defendants in the above matter. I write pursuant to the Court's Individual Rules to request a pre-motion conference on Defendants' motion to dismiss the Complaint. Defendants respectfully submit that the Court may dismiss this matter in full for lack of standing based on the briefing and argument already presented by the parties. However, Defendants are prepared to brief a full motion to dismiss, if the Court would like them to do so.

### A. Procedural History

Plaintiffs filed the Complaint and motion for a Temporary Restraining Order on June 11, 2026. ECF Nos. 1 & 2. On June 15, 2026, the Court issued an Order to Show Cause which denied the motion for a Temporary Restraining Order without notice to Defendants, set a schedule for hearing Plaintiffs' request for a preliminary injunction, and ordered Plaintiffs to serve the summons and Complaint on Defendants by June 17, 2026. On June 15, 2026, Plaintiffs served the summons and Complaint on Defendants Governor Hochul, New York State Department of Health ("DOH"), DOH Commissioner McDonald, New York State Office of Mental Health ("OMH"), and OMH Commissioner Sullivan. Plaintiffs have not yet properly served the summons and Complaint on Defendants New York State Board for Medicine or Chair Amit M. Shelat.[1] Defendants have filed

[1] Plaintiffs handed the papers to an individual in the mailroom at the New York State Education Department ("NYSED") named "Aldo S.," a "program admin.," which is not proper service on the New York State Board for Medicine or Chair Shelat. ECF Nos. 9 & 14. The New York State Board for Medicine is a NYSED board that advises the Board of Regents and the Office of the Professions on licensing, practice standards, and professional conduct for physicians and physician assistants. Service on the New York State Board for Medicine may only be properly effectuated on an

this letter on behalf of all Defendants for purposes of efficiency and judicial economy, without waiving the requirement of proper service on all Defendants. On June 23, 2026, Defendants filed a brief in opposition to the request for a preliminary injunction. ECF No. 23. On June 25, 2026, the Court held a hearing on Plaintiffs' request for a preliminary injunction, at which it reserved decision.

**B. Allegations in the Complaint**

The Complaint addresses New York's Medical Aid in Dying Act (the "Act"), N.Y. Public Health Law § 2899-d, *et seq*., pursuant to which New Yorkers who have a terminal illness that will result in their death within six months, whether or not treatment is provided, may receive medical aid in dying. The procedures and safeguards of the Act are discussed in further detail in Defendants' opposition to the motion for a preliminary injunction. *See* ECF No. 23 at 2–5. In summary, the Act offers individuals with appropriate decision-making capacity who are suffering under these specific, terminal circumstances the wholly voluntary choice—subject to robust safeguards and under the care of their physicians—to self-administer medication to end their life with dignity and on their own terms.

Plaintiffs do *not* have a terminal illness that will result in their death within six months whether or not treatment is provided. The Individual Plaintiffs, José Hernandez and Anita Cameron, allege that they are individuals living with long-term disabilities. They allege that their disabilities *might* become terminal should certain hypothetical scenarios occur, such as if they lose access to their medical treatment or if they decide to stop receiving medical treatment. Compl. ¶¶ 25, 32. They further allege that Ms. Cameron is concerned that doctors *might* "steer[]" her into medical aid in dying, despite the fact that neither of the Individual Plaintiffs has a terminal illness as defined by the Act and therefore neither qualify. *Id*. ¶ 33.

The eight Organizational Plaintiffs are non-profit and advocacy groups that provide services to individuals with disabilities and philosophically oppose medical aid in dying. *Id*. ¶¶ 17–21, 36–65. The Organizational Plaintiffs allege that "passage of the Act directly conflicts with [their] mission[s,]" *id*. ¶¶ 38, 42, and will require them to expend resources, including time, money, and staff, to combat what they see as the Act's potential detrimental effects, *id*. ¶¶ 20–21, 39, 43, 47, 54, 60, 64.

Plaintiffs allege that the Act violates their rights under the Americans with Disabilities Act, 42 U.S.C. §§ 12132, 12203 ("ADA"); the Rehabilitation Act of 1973, 29 U.S.C. § 794; Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116 ("ACA"); the Equal Protection Clauses of the United States Constitution and New York State Constitution; and the Due Process Clauses of the United States Constitution and New York State Constitution. They ask the Court to issue declaratory relief and enjoin Defendants from enforcing the Act.

---

attorney in NYSED's Office of Counsel. Service on Chair Shelat may only be properly effectuated on Chair Shelat, or an attorney in NYSED's Office of Counsel. There is no Office of Counsel attorney named "Aldo S." A review of the Office of Counsel's personal service log contains no entry for service of the initiating papers in this matter.

**C. Grounds for the Motion to Dismiss**

Defendants intend to move to dismiss all claims in the Complaint for substantially the same reasons expressed in their opposition to the motion for a preliminary injunction.

*First*, nearly identical challenges to similar medical aid in dying laws have been lodged in three other jurisdictions—the Central District of California, District of Delaware, and District of Colorado—by many of the same Plaintiffs in this case. All such challenges have been roundly rejected by the courts and the same result should issue in this matter. *See* ECF No. 23 at 5–7.

*Second*, Plaintiffs lack standing. *See* ECF No. 23 at 7–14. The Individual Plaintiffs are ineligible for medical aid in dying because they do not have terminal illnesses as defined by the Act. They allege only attenuated and hypothetical harms that are insufficient to confer Article III standing. The Organizational Plaintiffs lack organizational standing because their alleged harms are the same as those the Supreme Court has found insufficient. *See Food and Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 390 (2024). The Organizational Plaintiffs lack associational standing because they have not identified any members who suffer harm caused by the Act.

*Third*, Plaintiffs fail to state a discrimination claim under the ADA, the Rehabilitation Act, or the ACA. As the other courts concluded, Plaintiffs' argument fails because, among other reasons, the medical aid in dying contemplated by the Act is *voluntary* and thus cannot be construed as denying Plaintiffs equal access to a public accommodation. *See* ECF No. 23 at 14–17.

*Fourth*, the Complaint fails to state a claim under the Equal Protection Clause of the United States Constitution because: (1) it fails to identify two groups that are similarly situated in all relevant respects; (2) it does not plausibly allege that either a protected class or a fundamental right is implicated; and (3) the Act satisfies rational basis review. *See* ECF No. 23 at 17–21.

*Fifth*, the Complaint fails to state a claim under the Due Process Clause of the United States Constitution because there is no governmental deprivation of any interest protected by the Due Process Clause. Rather, the Act permits a voluntary, informed choice by a qualifying individual with a terminal illness, subject to rigorous safeguards. *See* ECF No. 23 at 21–23.

*Sixth*, many of Plaintiffs' claims are barred by Eleventh Amendment sovereign immunity. The ADA and § 1983 claims are barred as asserted against the State agency defendants DOH, OMH, and New York State Board for Medicine. *See Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010); *Komlosi v. N.Y. St. Off. of Mental Retardation & Developmental Disabilities*, 64 F.3d 810, 815 (2d Cir. 1995). All claims under the New York State Constitution against all Defendants are barred. *See* ECF No. 23 at 17 n.8, 21 n.11. All claims against Governor Hochul, Commissioner Sullivan, and Chair Shelat are barred because Plaintiffs have not pled sufficient connection with enforcement of the Act under *Ex parte Young*. *See Jeannot v. New York State*, 762 F. Supp. 3d 217, 234 (E.D.N.Y. 2025).

*Seventh*, all claims against the New York State Board for Medicine and Chair Shelat must be dismissed for insufficient service of process. *See supra* footnote 1.

Defendants thank the Court for its time and attention to this request.

Respectfully submitted,

Haley Hawkins
Assistant Attorney General

*Counsel for Defendants*

cc: All counsel of record (via ECF)